Judge Tucker
(after setting forth the substance of the declaration) said, To this declaration the defendants have pleaded several pleas; two only of which I shall notice at present. In the former, they plead that John Fleming, yon. was not the heir or devisee of the obligor ; and of this they put themselves upon the country. In the latter, they plead that Blary Ellis and Susannah Lewis are not the heirs or devisees of the said John Fleming the younger;, and of this they likewise put themselves upon the country. At the samé time, the defendants also (by protestation that they were not the heirs or devisees of the said John Fleming the younger^ and that the said John Fleming the younger was not the heir or devisee of the obligor in the declaration mentioned) demurred to the declaration, and for cause of demurrer they say, “ That they are charged as the heir of an heir, upon the obligation of the ancestor of the first heir, and as such they are not chargeable by the said obligation ; and, spcondly, that they are charged as the heirs of John Fleming the younger, who is alleged to be the heir of the supposed obligor, and that it is not averred and shown, in and by the said declaration, how the said defendants are heirs of the said John the younger 3 thirdly, because the writing obligatory aforesaid is not a writing obligatory filed in the general court, in any county, or other inferior court, or in the court of a district, in a suit founded, therein, on the same writing obli* gatory, against a person or persons jointly, or jointly and severally, bound, for the performance of any contract for the payment of money or tobacco, together with the said John Fleming.” The plaintiff joined issue upon both the before-mentioned pleas, and also joined in the demurrer.
*93 The defendants pleaded several other pleas, to one of which there was a demurrer, which I shall notice hereafter. I shall now proceed to consider the demurrer to the declaration, upon which the district court rendered a judgment in favour of the defendants, and that the plaintiffs take nothing by their bill.
1. The first cause of demurrer is, “ That the defendants are charged as the heir of an heir, upon the obligation of the ancestor of the first heir; and, as such, they are not chargeable in the said obligation.”
But, with respect to the above cause of demurrer, it is necessary to observe, that where the lands have descended from the obligor to another, who has died seised, and from him to the defendant, the descent must he specially stated; as that the defendant is the heir of A. (who died last seised,) who was the heir of the obligor; and so it must be, where there have been several intermediate descents ; for, if the declaration be against the defendant, as heir of the obligor, and it appears in evidence, on the plea of rians per discent from the obligor, that the defendant is heir of the heir of the obligor, it is a fatal variance.(a) And therewith the opinion of the court, in 3 Mod. 257. Killow v. Rowden, appears to me to be perfectly reconcileable; for there the court admitted, that if the lands had descended to the brother, and nephew of the defendant, in fee, (instead of in tail, as was the case,) that then they ought to have been named i that is, (as I understand the book,) it ought to have been shown that the defendant was the heir of his nephew, to whom the lands descended as heir to his father, who was heir to the obligor; instead of charging the defendant himself as heir (that is, as immediate heir) to the obligor himself, without noticing the intermediate descent. So, where, in debt against the defendant as heir of B., it appeared in evidence, on the issue of riens per discent from B., that he died seised in fee, leaving the defendant his daughter, and his wife with shild of a son, who was afterwards born, and lived an hour *94 it was held that this evidence did not support the issue ; for the defendant had nothing from her father, the obligor, but the lands came to her by descent, as heir of her brother, who was last seised.(a) The case cited in Dyer, 368» though cited by the learned editor oí Saunders, as in conformity with these cases, appears to me to be contrary. For it is there said, that a man seised in fee had issue two sons, and .bound himself and his heirs in a bond, and died seised of assets-, the eldest son enters and dies without issue; the youngest son enters; he shall be charged by these assets as son and heir to his father, although there was an intermediate descent to the eldest. And the same is the law of grandfather, father and son.(b) We are told, however, that it is held to be unnecessary to state how the defendant is heir; for it may not be in the plaintiff’s knowledge.(c) The precedents, as far as I have had an opportunity of examining them, are both ways. The declaration in Quennel v. Diddlesford(d) charges the defendant as heir of John Diddles-deceased, to wit, brother and heir of Richard D-, son and heir of William D-, brother and heir of the said John Diddlesford, the obligor, in the bond; and assigns breach in the non-payment by either of these persons, successively. A similar precedent will.be found in 2 Mod. Ent. 226. In the case of Joseph v. Lord Mohun,(e) the declaration is against “ Thomas Orby, Esq. and Charlotte, his wife, James, Duke of Hamilton, and Elizabeth, his wife, and John Erlington, gent, (which said Charlotte, Elizabeth and John, are coheirs of Fitton, late Earl of Macclesfield; late brother and heir of Charles, late Earl of Macclesfield; the same Charlotte being one of the sisters of the late earls; the said Elizabeth being daughter and heir of Elizabeth, late Lady, G., late another, of the sisters of. the said earls; and the same John being son and heir of Anne Erlington, late another of the sisters of the late earls;) and against Charles, Lord Mohun, devisee of, the said late Earl Charles, of certain lands,” &c.; and set forth *95 an obligation of Earl Charles ; and assigned breach in the non-payment by either of those persons. The precedent in Rebow v. Palmer(a) is to the same effect, and seems (mutatis mutandis) to have been copied by the framer of the declaration in the case before us. Here, then, we have two precedents in which the defendants are charged as heirs to the obligors, respectively, though shown under a videlicet, not to be immediate, but intermediate heirs. In the two last, they are not charged as heirs to the obligors, but as heirs to those who were heirs to the obligors, in their lifetime. It would seem, then, to me, that it is sufficient to charge the defendants in the latter mode. For if the immediate heir shall have aliened the lands in his lifetime, so as to break the descent, the defendants could never be charged upon their plea of “ riens per discent from the first obligor and if, on the other hand, they were in fact heirs to the heir of the obligor only ex parte materna, and not on the father’s side also, they would be equally protected by that plea of “ riens per discent from the obligor for, although they should have lands by descent from the son of the obligor, yet if those lands were ex parte materna, that evidence would be sufficient to maintain their plea. So that I can discover no inconvenience from this mode of declaring. On these grounds I am of opinion that the declaration is not insufficient, for the first reason assigned as a cause of demurrer thereto.
The second cause of demurrer assigned is, that the defendants are charged as heirs of John Fleming the younger, who is alleged to be the heir of the supposed obligor, and that it is not averred and shown by the declaration, how the said defendants are heirs to the said John Fleming the younger. This objection appears to have been overruled in the case of Denham v. Stephenson,(a) in which it was made; and the court took this difference, between an action by, and against, an heir; »n the tormer case, he must show his pedigree, and how *96 heir, for it lies within his knowledge; but, in the latter., it is not necessary; for the plaintiff is a stranger, and it ‘ would be hard to compel him to set forth another’s pedigree, (a)
The third objection to the declaration is founded upon the profert of a copy of the bond of the ancestor, instead of the original; u The same not being filed in another court, in a suit founded thereon, against a person or persons jointly, or jointly and severally, bound with the obligor, for the payment of money or tobacco; ” so as to bring the case within the provisions of the district court law; edit. 1794>, c. 66. s. 24.(b) and if the case rested altogether upon our statute, I should be of opinion with the defendant. But Co. Litt. 231. b. is express, that if a deed remain in one court, it may be pleaded in another court, without showing forth ; quia lex non cog'it. ad impossibilia. The case appears to me to be completely within the reason of the modern praclice, stated in the case of Read v. Brookman, in 3 T. R. 151. &c. cited 'and approved by this court in the case of Taylor v. Peyton.(c)
Here it may be necessary to inquire, whether, if the declaration be sufficient, the judgment which this court ought to pronounce must be final against the defendant;(d) they having demurred to the whole of the plaintiff’s declaration, and thereby admitted all such facts as are therein sufficiently stated to be true ; or, whether, notwithstanding this, the^ cause must be sent back for the trial of the issues joined upon the several pleas, which the defendants have pleaded in their defence. Two of those pleas, viz. one that John Fleming, ]un. was not heir or devisee of the obligor ; and another, that the defendants Alary Ellis and Susannah Lewis are not the heirs or devisees of the said John Fleming the younger, are in direct opposition to the facts alleged in the declaration, and admitted to be true by the defendants’ demurrer to that declaration. Is it consistent with *97 teason, that, when a defendant has, in the course of plead- ' ' 7 1 ing, admitted the facts charged in the plaintiffs declaration, and relied upon their insufficiency in law to charge him, that he should put the plaintiff, by a negative plea, to the trouble and delay of a trial to ascertain the very facts thus admitted by the demurrer? More especially when the facts thus admitted by the demurrer, but denied by the pleas, go to the whole merits of the case ! It is true, our law permits a man to plead as many several matters, whether of law or fact, as he may think necessary for his defence. But such matters, to be available, ought to be consistent with each other, and not contradictory cr immaterial. In England, non est factum, and solvit ad dzem, could not be pleaded to the same bond, because the one admitted, and the other denied, the execution of the bond. 2 Bl. Rep. 993. (a) la the case of Nuttal's Ex’rs v. M'Dowal & Co. in this court,(b) which was an action of debt brought by the appellees against ° J 11 ° the appellants, executors, upon a judgment theretofore obtained against them, the defendants offered four ral pleas; 1st. No such record; 2d. No waste; 3d. That the defendant’s testator paid the debt in his life-L time ; and, 4th. That the former judgment was obtained . J u by surprise. The distiict court rejected the two last pleas, and this court affirmed the judgment. In Stone v. Patterson,(c) according to my note of the case, nothing was said, by the court, upon the subject of pleading and demurring to the declaration at the same time. The cause went off upon a different point. Let it be admitted, that a defendant under the .;ct of assembly may plead and demur to the plaintiff’s declaration at the same time; er may plead as many pleas, however frivolous or contradictory they may be to each other ; docs it follow, that, when he has put the whole merits of his cause upon an issue in law, and that is determined against him, he shall be indulged with a trial of such pleas, as *98 are either contradicted by his own admission, or contradictory to each other; and this after delaying the plaintiff, perhaps, seven years by an appeál ? It is, I conceive, impossible to foresee all the inconveniences which will probably ensue from such a practice, if indulged ; but the delays which it must occasion are obvious. Nor must it be forgotten that pleading double is at the peril of the pleader.
I was, indeed, for some time inclined to doubt whether the protestation, with which the defendants have introduced their demurrer to the declaration, had not saved to them the benefit of the two pleas above noticed, even though the judgment on the demurrer should be against them. But, looking into the precedents, I find the judgment, in this case, being an action of debt for money due by bond, must be final; and that there is no instance (as far as I can find) of a respondeos ouster being awarded where the demurrer is in bar, as in this case. My present impressions are different upon this point; and the proper judgment to he entered in this court, as a court of error, and not of original jurisdiction, (where amendments are often very properly indulged, if asked in reasonable time,) seems to me to be for the debt and damages, without any writ(1) to inquire of the lands, tenements, or hereditaments descended, pursuant to the ft h section of the act against fraudulent devises. The record furnishes a further reason, I conceive, why this court ought *99 10 pronounce such judgment as 1 have just' mentioned. The defendants, in their sixth plea, plead, that the tiffs brought suit, and recovered a judgment on the same bond, in the district court of Richmond, against William Fleming, executor of John Fleming, the obligor ; and that the said judgment determines the specialty, so that the heir of the obligor is no longer bound. To this plea the plaintiffs demurred ; and the defendants joined in the demurrer. That the law is for the plaintiffs upon this demurrer, seems clear from the authority in Plowd. 439. Dyer, 204. pl. 2. Galton v. Hancock, 2 Atk. 430. and the cases cited in 3 Bac. Abr. p. 468. (Gwill's ed.)(a) for the obligee has his election to sue either the heir or the executor; hut a judgment against the executor (if he have not assets wherewith to satisfy the judgment) is no bar to an action against the heir; and it is not averred in this plea, that the executor had assets, or that the judgment hath been satisfied. Upon this demurrer, then, I conceive, the court is bound to give final judgment against the defendants. For the statute is express, that, if judgment be given against the heir by confession of the action, without confessing the assets descended, or upon demurrer, or nil dicit, it shall be for the debt and damages, without any writ to inquire of the value, as before mentioned.
Judge Roase.
The first plea filed in this cause being-withdrawn, and a judgment upon inspection being rendered upon the second, which does not appear to have been erroneous, the judgment now in question was only ¿bunded upon lite demurrer to the declaration. On the *100 trial of that demurrer, it was sustained by the court below, and judgment was rendered thereupon for the defondant. The 3d, 4th, and 7th and 8th pleas, however, on . which the parties are at issue, have not been tried; nor has the court below decided upon the demurrer, joined upon the 6th plea tendered by the defendants.
As to the decision upon the demurrer, I am of opinion that the court below erred in sustaining it. A view of the authorities upon this subject evinces, that it is not •indispensably necessary to be stated how the defendant is heir in a case like the present; as that may not be within the plaintiff’s knowledge : nor is it a fatal defect in a declaration after a verdict, (and therefore it shall not prevail on demurrer, not being assigned as a cause thereof,) that the defendants are charged in the detinet only.(a) I am, also, of opinion, that the declaration was sufficient in stating a copy of the bond; the principle of the C0mm0n law being that, where a deed is remaining in one court, it may be pleaded in another, without showing forth ; for '■'•lex non-cogit ad impossibilia :”(b) especially as the defendant in this case has not insisted upon oyer of the original, but has accepted oyer of a copy, (thereby waiving the necessity of the production of the original,) and has pleaded to the action.(c) The judgment of the district court, sustaining the demurrer, was, therefore, erroneous. That demurrer ought to have been overruled ; and, such being now the opinion of this court, and that the judgment of the district court should be reversed, a question is made by the judge who preceded me, under the clause of the act directing such judgment to be given, by this court, as the court below ought to have rendered, (where the judgment is not reversed in the whole,) whether that judgment in this case ought to be peremptory for the plaintiffs, disregarding the other pleas and demurrer ; or whether the cause ought to be remanded for the purpose of trying all the remaining pleas and demurrer ?
*101 My opinion is, that the latter course ought to he adopted. The English statute of 4 and S Anne, c, 16, provides, that a party may, by leave of the court, plead as many several matters, as he may think necessary for his defence, (a) It has been held, indeed, upon the construction of this statute, that you cannot plead and de. mur to the same part of the declaration, because it is said the defendant ought not to draw the decision to different judicatures.(b) In such case the inconve. ¡aience aforesaid induced the courts, upon the construction of the statute, to refuse leave to a defendant to plead and demur to the same declaration. Our acts of 1748 and 1753, also, (edit, of 1769, p. 172. and 299.) in admitting a defendant to plead as many several matters as he may think necessary for his defence, not only omit to add the emphatical expression, “ whether of law or fact,” which is contained in the present act, but have a positive restriction, on the other hand, that the defendant shall not be admitted to plead and demur to the whole. These old acts seem to have adopted the construction of the English courts upon the statute of Anne, in this particular; but they have been changed by the act of 1792, (Rev. Code, 80.) which was re-enacted from the act of 1786, c. 67. This last-mentioned act is much more broad and extensive than either the English acts aforesaid, or our former acts of 1748, and 1753, on this subject. It provides that “ the plaintiff in replevin, and the defendant in all other actions, may plead as many several matters, whether of law or fact, as he shall think necessary for his defence.” In doing away the necessity of obtaining the leave of the court to put in the pleas, it demolishes the foundation on which the aforesaid construction of the judges was erected: it overrules the objection as to the constructive inconvenience of carrying the case to different judicatures, by allowing a defendant, in the most emphatical and unequivocal terms, to plead as many seveyal matters “ yvfye? *102 ther of law or fact’’’ as he shall think necessary. The insertion of these last words u whether of law or fact” in this act, and the omission of the restriction, contained in the former acts, against pleading and demurring to the whole, is conclusive to show that that restriction is abandoned by the modern acts upon this subject. It is extremely fair to say, that the law will permit a party to try every plea which it permits-him to plead; and there is no restriction in the present act against his pleading any thing.
There is nothing unreasonable in this construction; even were the words of the act less positive than they are. It is only giving to a demurrer, under the act, the effect of a protestation, as existing under the ordinary rules of pleading; by which a party pleading one plea may avoid the implied admission of another.
I understand this construction of the- act to have been settled, or at least, within my m'emory, it was admitted, in the case of Stone v. Patterson, (MS. spring, 1806,) in this court; and, again, in the case of Lyme v. Griffin. (a) With respect to the fth section of the act concerning fraudulent devises,(b) in which it is provided, that a judgment on demurrer shall be for the debt and damages, the answer is, that this section is to be confined, in the construction, to cases in which there is a demurrer only, and not other pleas also.
My opinion, therefore, is, that the judgment of the district court sustaining the demurrer is erroneous, and ought to be reversed; and, proceeding to give such judgment as the court below ought to have given, I am further of opinion that the cause should be remanded, for the purpose of trying the remaining pleas and demurrer •, but the other judge, while he concurs as to a reversal of the judgment, differing with me in opinion as to the ulterior measures to be taken in the cause, I am of opinion that no further judgment can be given in the case.
I presume that the judgment now to be entered in *103 this case must be, in effect, like the first judgment rendered in the case of The Commonwealth v. Beaumarchais (a) viz. “ That the judges of this court being agreed in opinion, that the judgment of the court-líelo vv is erroneous, and ought to be reversed, do reverse the same.: but, being equally divided in opinion on the question, whether a peremptory judgment should be rendered, for the appellant, on the demurrer to the declaration, or the cause be remanded, to be proceeded in as to the remaining pleas and demurrer existing in the cause, no further judgment can be rendered ; the case not being provided for by the act of assembly.”
The court being thus divided in opinion, it was proposed by Judge Tucker, and agreed to by Judge Roane, that the case should lie over for further consideration by the then judges, or until a change should take place in the court. After the accession of Judge Biiooke, the case was again called up, on the 4th of March, 1811; when Judge Tucker suggested the propriety of a new argument; but Brooke was not disposed to trouble the bar until he should have looked into the case. He therefore took the record; and, on Monday, March 11th, delivered the following opinion.
Judge Brooke.
Coming into the court since this cause was argued, and concurring with' my brother judges, on the first point, that the judgment of the district court must be reversed, I shall make no remarks upon it, but proceed to state, as briefly as I can, the grounds of my opinion on the second point, on which there is a difference of opinion in the court. I do not deem it necessary to notice minutely all the changes that the rules of pleading have undergone by the adjudications of the English judges, upon the statute 4 Anne; nor under the operation of the acts of 1748, and 1753, which seem to have followed up the afore-mentioned ad *104 judications. I shall only remark, by way of illustrating my exposition of the act of 1792, the last on the subject pleac^nSi that, though the former acts of 1748, and 1753, relaxed the rule of the common law, they still restrained a defendant from pleading and demurring to the same matter in the declaration : the rule laid down in both of these acts is, that the plaintiff in replevin, and the defendant in any other action, may plead as many several matters as he shall think necessary for his defence ; so as they be not admitted to , lead and demur to the whole. With these acts before them, the legislature passed the act of 1792; upon a correct construction of which, the point under consideration must be decided : by that act it is declared, that the plaintiff in replevin, and the defendant in any other action, may plead as many several matters, whether of law or fact, as he shall think necessary for his defence. The expression “ so as they be not admitted to plead and demur to the whole,” in the two former acts, is dropped; and, for the purpose of showing more clearly the intention to change the rule, the words, “ whether of law or fact,” are inserted in the same clause. The design of the legislature to me is obvious i the restriction in the two former acts was intended to be taken off, and the plaintiff in replevin, and defendant in any other action, admitted to plead and demur to the same matter in the declaration. The argument against this admission (ab inconvenient i) I shall not now examine. My impression is, that, under a reasonable application of the rule, it may be made to produce despatch rather than delay in pleading. However that may be, the act of 1792, in my opinion, settles the rule, that the defendant may demur and plead to the same matter; and, when I see distinctly what the law is, I am not at liberty to depart from it. I am, therefore, of opinion that the cause be sent hack for the trial of the issues, and the other demurrer^ on which the district court did not decide.
*105 Judges Tcjckes and Roane adhering to their rcspeciive opinions formerly pronounced ; the judgment of the district court, upon the demurrer to the declaration, waa reversed, and the cause remanded to be proceeded in as to the remaining pleas and demurrer.

 2 Saund 7. (editor'j note.) 3 Cro. 151. Jenks' Case.

 2 Roll. Abr. 709. cited 3 Mod. 256. Saunders, ibid.

 Dyer, supra.

 Saunder's, ibid. editor's note; cites Denham v. Stephenson 1 Salk. 355. and 6 Mod. 241 S. C. accordant.

 Litt. Ent. 147.

 Lill. Ent. 145.

 Lill. Ent. 172.

 Saund. ibid.

 Rev. Code, vol. 1. p. 77.

 1 Wash. 253.

 Rayner v. Pointer, 1 Willes’s Rep. 410, 411. Balythorpe v. Turner, ibid. 475.

 A defendant not permitted to plead non assumsit to the whole, and tender as to part. 4 T. R. 194. Nor non est fuctum, and tender as to part. 5 T. R. 97.

 April 23, 1805. MS.

May 6 1806. MS.

 Note by Judge Tucker.
“ In debt on tbe ancestor’s bond, leave to withdraw a demurrer and plead issuably, on payment of costs, after plaintiff had lost a trial, being in case of an heir who had pleaded Hens per disceni, and by mistake of bis counsel bad demurred to the plaintiff’s replication, and judgment would be given for plaintiff on tbe demurrer, which would be to recover his whole debt against the defendant, though he bad very little assets descended to him, and was willing to satisfy plaintiff’s; demands, as far as assets bad descended to him, which might be tried oil tbe issue of Hens per discent.” 1 Barnes' Notes, 108. citing Harrison's Prac. in Ch. p. 261. (edit. 1761.) “ Note. Tbe general practice is, ibaf, after a trial is lost, Ihe court will not permit a de *99 mnirrer to be withdrawn,”'(b) “Leave to withdraw a demurrer, and ¡¡lead the generat issue, denied ; the vUintiif having, by defendant’s demurring, lost, a trial ai the ft-sisos, though the defendant offered te my costs.(c) But in the case of Hunt v. Puchmore, first cited being so ¡'articular a case, and the cir-'«ns.tanc.es therein so hard m\ IV defendant, L was more reasonable to give leave to withdraw the demurrer, than to suffer a manifest injustice to ¡sil oii the heir at law.” Harrison’s Prac. ubi sup.

 See also 14. Vin. 264. pl. 17.

 1 Burr. 321. where Ld. Mansfield said, as no case of such an amendment after a trial, had been cited, he took it for granted that none exists.

 Sutton v. Lacon, Prac, Reg. in Chan. p. 158.

 3 Bac. 464. (Gwil's edit) Esp. N. P. 241.

 Co. Litt, 231.

 1 Wash. 252 Taylor v. Peyton.

 5 Bac. 447.

 Ibid. 457.

 4 H. & M. 277.

 1 Rev. Code, 49.

 3 Call, l75.

 1 Salk. 355.